United States *v.* Friedlaender Co. (No. 3465) [1]

[1] T. D. 45498

United States Court of Customs and Patent Appeals, February 1, 1932

Charles D. Lawrence, Assistant Attorney General (John F. Kavanagh, special attorney, of counsel), for the United States.
James W. Bevans for appellee.

[Oral argument December 10, 1931, by Mr. Lawrence and Mr. Bevans]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court, First Division, sitting in reappraisement, in and by which judgment the finding of appraised value made by Presiding Judge Fischer was reversed. Seven entries were involved in the matter, four being under the Tariff Act of 1922 and three under the Tariff Act of 1930. All these entries were so-called duress entries, the importer having made the certificates as required by section 489 of the Tariff Act of 1922, as to the entries under that act, and as required by section 503 (b) of said Tariff Act of 1930, as to the entries made under that act.

The duress certificates refer to various pending reappraisements, but one entry, 831,894, is common to them all. This reappraisement matter was finally decided by Presiding Judge Fischer on June 16, 1930, Reappraisement Circular 1756.

The appraisements were made in the entries involved in this case on the following dates: Entry 893,191, April 2, 1930; 898,203, April 5, 1930; 913,429, May 8, 1930; 938,643, June 7, 1930; 701,719, July 9, 1930; 716,054, August 6, 1930; 744,542, September 25, 1930.

The court below, following, as it believed, our judgments in United States v. Fuchs & Lang Mfg. Co., 18 C. C. P. A. (Customs) 460, T. D. 44760, and Innis, Speiden & Co. v. United States, 19 C. C. P. A. (Customs) 1, T. D. 44789, dismissed the appeal without remanding the matter to the appraising judge.

On application for a rehearing, the Government filed the affidavits of Augustus K. Thomas, chief assistant appraiser at the port of New York, and of Thomas M. Thurston, deputy collector at the same port. These affiants stated, in effect, that sometimes years elapsed between the initiation of a test case and its final decision,

and that much confusion would exist at the ports if it was required to keep samples in the duress cases for appraisement during such period, awaiting the decision in the test case.

The issues presented here are, in effect, a retrial of those submitted to us in *United States* v. *Fuchs & Lang* and *Innis, Speiden & Co.* v. *United States, supra,* with the added element of administrative confusion, sought to be shown by the affidavits hereinbefore mentioned.

We examined this question at length in the cases last cited, and find no reason appearing from this record to depart from the conclusions there announced. In *Fuchs & Lang, supra,* in speaking of said section 489, we used the following language:

> This provision of law is evidently intended to accomplish at least two useful purposes: First, to permit an importer to make succeeding importations under one claim of dutiable value; and, second, to prevent unnecessary litigation. The provision is an act of grace, however, and confers no rights upon the importer except when he complies strictly with its provisions and thus brings himself under its protection. *Zinberg* v. *United States,* 16 Ct. Cust. Appls. 268, T. D. 42870.

> We first observed that there must be a test case pending on appeal for reappraisement or re-reappraisement at the time the duress entry is made, which is claimed by the importer to be a similar case. When such an entry is made under this statute, the local appraiser must, as he did in the case at bar, suspend his appraisement therein until the final decision of the test case on reappraisement or re-reappraisement.

> This statute, to be workable and to effectuate the purposes for which it was enacted, must be thus administered. Otherwise, an importer will find himself embroiled in litigation in one or many similar cases in which he has made the statutory duress certificate and may find such cases have proceeded to final judgment, while the original test case is yet pending on appeal for reappraisement or re-reappraisement. In such case he is entirely deprived of the privilege which the statute was intended to give him. The law has thus become without effect through no fault of his.

Again we said—

> When the test case has been adjudicated, the parties are entitled to their day in court on the issue of the similarity of the test and duress cases. The mere fact that the importer has certified, under said section 489, that the duress and test cases are similar, is not conclusive upon and does not bind the collector in the duress case. If, in his judgment, the cases are not similar, he may, and it is his duty to, cause the goods in the duress entry to be appraised at what is found to be their dutiable value. Then the issue is made up between the claim of the importer that the cases are similar and the claim of the Government that they are not. In order that the importer shall have an adjudication on this question, he should therefore appeal for reappraisement and re-reappraisement, if the latter step is necessary. The same suggestions likewise apply to the Government, where the finding of the local appraiser is adverse to it.

It is argued here with much vigor that to hold the duress entries in abeyance until test cases referred to have been decided will entail upon the Government the burden of keeping in the appraisers' stores

at the ports for long periods, the packages forwarded for examination; that frequently long periods elapse before the test case or cases are decided; that such a holding prevents the importer for long periods from obtaining his said examination packages.

These are not matters which we may remedy here. The remedy, if any is needed, lies with the legislative, and not with the judicial, department of the Government. If delays exist in the ·trial of duress cases extending into years, as detailed by the affiants Thomas and Thurston and as insisted upon by counsel for the Government, this is an unfortunate condition and one that should enlist legislative assistance. This court, however, is concerned alone in attempting to properly construe the laws which Congress has enacted, so that their provisions may be effective if possible.

It is contended that a part of the language of *Innis, Speiden & Co.* v. *United States, supra,* is not in complete harmony with our decision in *United States* v. *Fuchs & Lang, supra,* and the following language in the former case is referred to:

It will be observed that all of the entries except the entry in reappraisement 88195–A were duress entries and were made in conformity with the provisions of section 489 of the Tariff Act of 1922 and that the merchandise in the duress entries was appraised at the entered value. It is conceded in this case that the goods in the duress entries are of the same value as the goods in the test cases and that the duress cases are in every respect similar to the test cases.

*In so-called duress-entry cases where the goods are of the same value as in the test case mentioned in the certificate, and the duress case is similar to the test case, the appraisement of the goods by the appraiser should be held in abeyance* until after the final appraisement in the test case, and any appraisement made prior to this time is premature and void. No decision by the single reappraising justice could have made valid the appraiser's action in the duress entries at bar, and he should not have reappraised the merchandise. If the appraiser had no right to appraise the merchandise certainly no reappraising justice had the right to reappraise the same. He should have dismissed the appeals. For the same reason, the appeals in the duress cases at bar should be and are dismissed. *United States* v. *The Fuchs & Lang Manufacturing Co.,* 18 C. C. P. A. (Customs) 460, T. D. 44760; *Beaver Products (Inc.)* v. *United States,* 17 C. C. P. A. (Customs) 434, T. D. 43878. Appeals in reappraisements 88526–A, 90691–A, 92342–A, 90198–A, and 91675–A are dismissed. (Italics ours.)

We have here italicized the portion specifically called to our attention. This language, it is argued, intimates that in cases where the goods are not similar appraisement may be made while the test case is pending.

The language was not intended to be so understood. The court then had in mind the specific entries which were involved in the case then being tried, in which the goods were of the same value as those in the test case and where the duress case was similar to the test case. The opinion in the *Innis, Speiden* case, *supra,* must be read in view of

the expression of our opinion in *United States* v. *Fuchs & Lang, supra,* and when so read, no lack of harmony appears.

It is argued, however, as a substantive proposition, that in cases where the examination of the local appraiser discloses that the cases are not similar, he may appraise pending the decision of the test case. If the importer is to have the benefit of the debated provisions of said section 489, and if one litigation of the subject matter is all that the law contemplates, then the said helpful objects of this section will be destroyed by such a holding. Let it be assumed that the collector finds the cases to be not similar, and the local appraiser appraises the goods while the test case is still undetermined. An appeal is taken to reappraisement and re-reappraisement and perhaps to this court. Assume, further, that the final appellate tribunal to which the matter is taken holds the cases, in fact, to be similar. What then must be done? Obviously, the appeal must be dismissed, as no valid appraisement has been made by the local appraiser. The parties, thus, have been put to the expense of litigation and nothing has been accomplished thereby. The orderly course of procedure in all such cases is that indicated by us in the *Fuchs & Lang* case, namely, to hold appraisement in all duress entries in abeyance until the test case has been disposed of.

The important thing in such cases is that the appraisement in the duress cases be held in abeyance until the test case has been decided. When this right has been secured to the duress entrant, and the issue raised in the test case has been finally determined, the customs officials will proceed with the ascertainment of the facts necessary to a proper valuation and classification of the goods named in the duress entry. The appraiser will appraise the goods and report the various items of information required by section 500, Tariff Act of 1922, to the collector. If the importer's contention has been sustained in the test case, in whole or in part, the collector, if satisfied by this appraisement and by such official information as he may have that the case is similar, wholly or in part, as defined by us in *Beaver Products Co.* v. *United States*, 17 C. C. P. A. (Customs) 434, T. D. 43874, to the test case, shall be governed in the liquidation of the entry, wholly or in part, as the case may be, in accordance with the final appraisement in the test case. If he be not satisfied with the appraisement, he may appeal therefrom as provided by section 501 of said Tariff Act of 1922.

In such appeals two issues may be involved: First, is the case similar to the test case, wholly or in part? If it is, this will conclude the matter, wholly or in part, as the case may be. If it is not, the issue arises, namely, the *per se* value of the goods, as to such elements of the case as are not so similar. Thus, each party has a right to a full and complete hearing on the matters which are vital to a proper

appraisement of the goods and liquidation of the entry. If the cases are wholly dissimilar, the matter will proceed in the usual way.

Attention is called to the language of this court in *United States* v. *Fuchs & Lang Mfg. Co.*, *supra*, as indicating that the collector may exercise a discretion in duress cases as to whether an appraisement may be made or not. While certain expressions in the opinion may be thus construed, our conclusions in the case cited must be read in conjunction with what we have herein said, which indicates the more mature opinion of the court on this question.

With these observations, we come to the merits of the case at bar.

The duress certificates filed by the importer referred therein to various cases claimed to be similar and then pending on appeal. The various certificates differ in the cases referred to, one, at least, of the certificates referring to a large number of pending cases, designating them by numbers. One case, however, involving entry 831,894, as hereinbefore stated, is common to all the certificates. This case was finally determined on June 16, 1930.

Said section 489 provides, "to meet advances by the appraiser *in similar cases.*" (Italics are ours.) From this language it appears that the importer need not confine himself by reference to *any one case*, but may refer to several. However, although he has this privilege, it is quite plain that whenever any one of the cases thus referred to, all of which he avers by his certificate are similar to his case and therefore similar to each other, is finally decided, this concludes the matter for the parties in so far as the test case is concerned. The importer can not thus refer to a number of so-called similar cases and insist that all be decided before his duress cases are taken up. The final decision of one test case is the final decision of all for the purpose of disposing of his duress entries depending thereon.

Appraisement by the local appraiser in the case of three of the entries herein, 701,719, 716,054, and 744,542, was made after the test case in entry 831,894 was finally determined. Therefore, following the doctrine of the cases hereinbefore cited, these appraisements were properly made by the local appraiser. We must assume that these were made in conformity with the conclusion of the collector and the local appraiser that the cases were not similar to the test case. On appeal to reappraisement there was introduced in evidence an affidavit and report of a special agent bearing on the dutiable value of the goods imported. As a result of this hearing, presiding Judge Fischer entered an order and judgment holding the invoice values to be the dutiable values. On review by the First Division the correctness of this judgment as to the three entries in question should have been passed upon. In not having done so and in dismissing the appeal as to the entries in question the court below committed error.

As to entries 893,191, 898,203, 913,429, and 938,643, in all of which appraisements were made prior to the final decision of the test case, such appraisements by the local appraiser were premature and void, and the court below was not in error in refusing to consider the merits thereof upon appeal. The order made, however, should have been one of reversal, with the cause remanded to the single judge with directions to dismiss the appeal.

The judgment of the United States Customs Court, First Division, is therefore *reversed* and the cause is *remanded* with directions to proceed to review the judgment of the single judge as to entries 701,719, 716,054, and 744,542, and to *reverse* the judgment of the lower court as to entries 893,191, 898,203, 913,429, and 938,643 with directions to *dismiss* the appeal therein.

#### SPECIAL CONCURRING AND DISSENTING OPINION

HATFIELD and LENROOT, Judges: We concur in the majority opinion so far as it holds that the court below should have reviewed the judgment of the trial court in reappraisements 97291–A, 97496–A, and 97826–A.

However, in view of the information contained in affidavits in the record and the statements of counsel for the parties that, as a result of the construction placed upon the so-called duress-entry provisions of section 489 of the Tariff Act of 1922 by the court in the cases of *Beaver Products Co. (Inc.)* v. *United States*, 17 C. C. P. A. (Customs) 434, T. D. 43878; *United States* v. *Fuchs & Lang Manufacturing Co.*, 18 C. C. P. A. (Customs) 460, T. D. 44760 and *Innis, Speiden & Co.* v. *United States*, 19 C. C. P. A. (Customs) 1, T. D. 44789, importers have, to a serious extent, been deprived of the benefits obviously intended to be extended by the duress-entry provisions, and extraordinary burdens have been placed upon the Government in the administration of the law, and, as the majority of the court, in considering reappraisements 96217–A, 96261–A, 96888–A, and 96938–A, substantially reaffirms the views expressed in the decisions in the foregoing cases, in which views we did not concur, we feel compelled to dissent for the reasons set forth in the dissenting opinion in the *Beaver Products Co.* case, *supra*, and the specially concurring opinion in the *Fuchs & Lang Manufacturing Co.* case, *supra*.